IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK K. BERRY,

    Petitioner,                   No. CIV S-05-0899 FCD EFB P

    vs.

STUART J. RYAN, et al.,

    Respondents.              ORDER

                          /

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently before the court are two motions filed by petitioner. The first, filed November 28, 2005, is a motion to "forestall any further modification of the briefing schedule" and a request for discovery, and the second, filed March 1, 2006, is a renewed request for discovery. As noted below, the motion addressing the briefing schedule is now moot. The renewed motion for discovery fails to demonstrate good cause to permit discovery here.

        Petitioner is attempting to obtain documents that he claims constitutes exculpatory evidence that was suppressed during his state criminal trial, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He alleges that the evidence was suppressed with his defense counsel's collusion with the prosecutor. Parties in a habeas proceeding are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Bittaker v. Woodford*, 331 F.3d

1

715, 728 (9th Cir. 2003). Rather, discovery is available only in the discretion of the court and for good cause shown. Rule 6(a), Rules Governing § 2254 Cases. Good cause is shown when the specific factual "allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . ." *Bracy*, 520 U.S. at 908-909 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). In essence, petitioner must articulate what specific facts the discovery would demonstrate and show how those facts would entitle him to relief.

Petitioner lists 18 sets of documents that he wants produced. He seeks correspondence between himself and Sheila Williams, who he describes as the prosecution's star witness. He does not, however, describe the contents of this correspondence, what it would prove, or how it is exculpatory. Petitioner therefore does not demonstrate that, "if the facts [were] fully developed," he may be entitled to relief. *Bracy*, 520 U.S. at 908-09.

Petitioner also seeks production of Ms. Williams' criminal history, as she testified at his trial but was not impeached, even though she was brought to testify from confinement in the county jail. Petitioner also seeks production of "all material regarding Sheila Williams 75% to 80% burns on her body, methamphetamine lab explosion." Petitioner does not allege that Ms. Williams' criminal history is actually comprised of impeachable offenses. He does not allege that she was convicted of any impeachable crimes relating to a "methamphetamine lab explosion." Neither does petitioner allege how the fact of a witness' prior conviction would qualify as exculpatory evidence. He therefore fails to allege in any way that the facts he seeks to develop would entitle him to relief. Further, not all crimes are considered crimes of moral turpitude such that they could be introduced to impeach a testifying witness. Petitioner purports to quote from the transcript the colloquy between court and both defense counsel and the prosecutor regarding Ms. Williams' past criminal conduct that would not be used for impeachment. The court and parties agreed that the past conduct amounted to a misdemeanor for which there was no evidence presented, and therefore was not admissible.

Petitioner seeks discovery of a "report" used by the prosecutor to refresh a witness' recollection at trial regarding plaintiff's living arrangement with a person named Douglas. Petitioner does not discuss the contents of such a report or otherwise argue how discovery of the report would serve to develop facts demonstrating that petitioner would be entitled to relief.

Petitioner also seeks a police report written by Officer Screeton. That report lists Ms. Williams as present during the "digging out" of a backyard at 1401 Crestmont. This report also indicates that, while at that residence, the officer answered the phone four times and each time there was a different caller on the line. Petitioner baldly contends that the officer lied, in his report and on the witness stand. However, he does not allege facts to show that, if he was allowed a copy of this report, the contents would demonstrate the truth of that allegation or that it would thereby entitle him to relief.

Petitioner seeks the cellular phone and telephone records for individuals named William Marquette and Douglas, seeking to prove that Mr. Marquette in fact placed four calls to Douglas' phone while the police were at Douglas' residence. Petitioner claims that these records would prove that the officer was lying about the phone calls intercepted at Douglas' home. Again, petitioner does not allege or explain the significance of such a showing or otherwise demonstrate how that information, if developed, would entitle him to relief.

Petitioner seeks in formation regarding a "deal" made by the prosecution with Teri Maquette and states that Teri Marquette gave "perjured testimony" several times. Petitioner does not describe the testimony and how it amounted to perjury. He does not allege how, if the fact of the perjured testimony was proven and developed, that would entitle him to relief.

Petitioner requests a "Check Mart" check cashing card, which the prosecution argued was found at the scene of the crime for which petitioner was convicted. Petitioner also seeks a photocopy of the check-cashing identification that he claims an investigator named "Chuck" obtained. Petitioner does not describe how discovery of the card or copy would entitle him to relief.

3

Finally, petitioner seeks production of "[d]ispatch minute[s] for March 2, 1999, 19:00 hours [or] therein that read-out petitioner's 1980 Cadillac El Dorado. Not in petitioner's name, but paid for, and was the only car in co/defendant's Douglas' driveway on March 2, 99 day of incident." Petitioner does not argue how the fact of the presence of a car, not belonging to him, at a residence of no disclosed significance, on the date of the "incident" would entitle him to relief.

Finally, respondent points out that the evidence petitioner now seeks was already before the state courts and, therefore, discovery will not inform the determination whether the state court's rejection of petitioner's claim was reasonable. This is not a case of a prosecutor withholding *Brady* material. In short, the evidence was already developed before the state court. It was reviewed by that court and found inadmissible, or it was reviewed by his attorney and determined not to be probative of facts helpful to his defense. The only question presented on this petition, then, is whether in light of the evidence that was already before the state courts, the state court adjudication of the claim resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254 (d)(1) and (2).

With that governing standard on this petition, the instant motion raises the question of whether good cause has been demonstrated that petitioner should be allowed to develop through discovery a new or supplemental record here. As explained above, petitioner has not shown good cause for discovery of the requested documents. For each of his requests he has failed to allege sufficient facts to demonstrate that, if the facts are fully developed in the manner he suggests, they would entitle him to relief on the petition. Moreover, the discovery he seeks is not new evidence. It is evidence that either the court or his defense attorney or both determined was inadmissible. Petitioner raises here an exhausted claim of ineffective assistance of counsel. It is that avenue petitioner must pursue for relief, not some attempt to relitigate his criminal trial *de*

4

*novo* in federal court.  Petitioner's motions for discovery are denied.

This matter was submitted for decision upon the filing of petitioner's traverse on March 1, 2006.  Petitioner's motion to forestall modification of the briefing schedule is therefore denied as moot.

Accordingly, it is ORDERED that:

1.  Petitioner's November 28, 2005, motions for discovery and to forestall modification of the briefing schedule are denied; and

2.  Petitioner's March 1, 2006, renewed motion for discovery is denied.

Dated:  November 13, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE